## REUSCH v. FISHER.
### Patent Appeal No. 2728.

Court of Customs and Patent Appeals.
Nov. 20, 1931.

Stryker & Stryker, of St. Paul, Minn. (Cushman, Bryant & Darby, of Washington, D. C., of counsel), for appellant.

A. C. Paul, of Minneapolis, Minn., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM.

The present interference was decided May 25, 1931, by an award of priority to the appellant, Ann U. Reusch, as administratrix of the estate of Jacob J. Reusch, deceased. On the hearing in this court both parties filed extensive printed briefs, the appellee's brief consisting of 79 pages and dealing exhaustively with every phase of the case.

On June 17, 1931, a petition for rehearing was filed by counsel for the appellee, consisting of 10 printed pages. This petition consists entirely of a reargument of the precise points heretofore discussed at length in appellee's brief, and determined by this court in its decision of the matter.

Rule VII of this court is as follows:

"A petition for a rehearing of any cause submitted to this court may be filed in the clerk's office at any time within 20 days from the date of final decision therein, unless further time be granted by the court or a judge thereof. Such petitions shall be printed and served upon opposing counsel in the same manner provided herein for briefs, and 15 copies thereof shall be filed with the clerk. The petition in each case shall be confined to a brief statement of points supposed to have been overlooked or misapprehended by the court, with proper references to the particular portion of the transcript of the record or original briefs relied upon, and with authorities and suggestions, concisely stated, in support of the points. The opposing party may at any time within 10 days thereafter, unless further time be granted, file with the clerk his objections to the granting of said petition, which shall be printed and served in a like manner as said petition, and the question shall thereupon be deemed submitted for decision: Provided, That if the party resides west of the Rocky Mountains, there shall be allowed 10 days additional time for filing said petition or objections. Argumentative matter in the petition or in the objections to the grant thereof will not be permitted. Any petition or objection violating this rule will be stricken."

This rule was intended to prevent useless and unnecessary reargument of issues which had once been decided, and, at the same time, to afford to parties litigant the opportunity to call to the court's attention errors inadvertently committed by the court in its decision. In other words, as the rule states, counsel may briefly and succinctly call attention to points "supposed to have been overlooked or misapprehended." In such cases, a brief reference to the point is all that is necessary. It is entirely beyond the scope of this rule to permit a reargument of the issues. To do so simply adds to the expense of litigation and entails unnecessary labor upon the court.

The petition in this case, being in plain violation of said rule VII, is stricken from the files.